**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| NEW VIRGINIA MAJORITY EDUCATION FUND; VIRGINIA CIVIC ENGAGEMENT TABLE; MICHAEL KERN; KATHY KERN,<br><br>        Plaintiffs,<br><br>v.<br><br>VIRGINIA DEPARTMENT OF ELECTIONS; VIRGINIA STATE BOARD OF ELECTIONS; EDGARDO CORTES, in his official capacity as Commissioner of the Virginia Department of Elections; JAMES B. ALCORN, in his official capacity as Chairman of the State Board of Elections; CLARA BELLE WHEELER, in her official capacity as Vice Chair of the Board; and SINGLETON V. MCALLISTER, in her official capacity as Secretary of the Board,<br><br>        Defendants. | Civil Action<br>Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>First and Fourteenth Amendments to the United States Constitution,<br>42 U.S.C. § 1983 |

**INTRODUCTION**

1. "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live. Other rights, even the most basic, are illusory if the right to vote is undermined." *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964).

2. Thousands of Virginia residents visited the Defendant Department of Elections online voter registration website in the final days of the voter registration period, only to receive

an error message or discover the website tool to register to vote was otherwise not working.

3. This lawsuit seeks to prevent the disenfranchisement of eligible prospective voters in Virginia, whose right to vote has been impeded due to technological problems with and the systemic breakdown of Virginia's online voter registration website, and the refusal of Defendants to remedy the situation.

4. Under state law, the voter registration deadline for Virginia residents was Monday, October 17, 2016. Eligible citizens who failed to register by 11:59 p.m. on that date cannot cast a ballot that will count in the upcoming November 2016 general election.

5. Despite Defendants' bringing an additional server online six days before the deadline to deal with increased volume, the tool continued to malfunction.

6. Defendants have failed and/or refused a request to extend the voter registration deadline to accommodate prospective voters who attempted to register online in a timely manner but were unable to do so because of Defendants' broken website.

7. Without relief, many eligible prospective voters will be disenfranchised, due to no fault of their own, in the November 8, 2016 election.

## JURISDICTION AND VENUE

8. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, specifically 42 U.S.C. §1983 and the United States Constitution.

9. This Court has jurisdiction to grant both declaratory and injunctive relief, pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## THE PARTIES

11. Plaintiff NEW VIRGINIA MAJORITY EDUCATION FUND (NVMEF) is a non-profit group that uses mass organizing, leadership development, and strategic communications to champion the voices of communities of color, women, working people, LGBTs, and youth. The organization has visited over 250,000 voters and has trained hundreds of organizers and volunteer leaders. NVMEF has trained hundreds of poll monitors and staffed regional command centers to respond to citizens' questions about voter eligibility and voting requirements. NVMEF has led voter registration drives throughout the Commonwealth resulting in thousands of new voters, including several thousand who recently had their rights restored. In the week leading up to the voter registration deadline, NVMEF helped over 5,700 Virginians register to vote.

12. NVMEF was forced to expend time and other resources due to the online voter registration tool malfunctioning and then crashing. NVMEF staff and volunteers were inundated with calls and questions from Virginia residents seeking help registering, due to the website's failure. For instance, because the website malfunctioned, NVMEF staff had to drive to a prospective voter's home on the final day of registration to have him complete a paper registration form and deliver it for him. The prospective voter is paralyzed and could not physically get to any registrar's office or DMV to register and had tried unsuccessfully to register online.

13. If the voter registration deadline is not extended, the NVMEF will be prevented from continuing to help people register to vote in the crucial last hours of the registration period.

14. Plaintiff VIRGINIA CIVIC ENGAGEMENT TABLE ("the Table") strengthens and connects non-profit organizations that believe our Commonwealth works best when every voice is heard. Our partners work together to advance equality, justice, and opportunity, to win shared policy victories and strive to engage underrepresented communities in the democratic process. The Table supports voter registration activities in coordination with grassroots partners on the ground.

15. Plaintiff KATHY KERN is a resident of Charlottesville, Virginia. Kathy tried, with her husband, to register multiple times on Sunday, October 16 and Monday, October 17 using the online system, but kept getting a "file not found" message. She was unable to register to vote.

16. Plaintiff MICHAEL KERN is a resident of Charlottesville, Virginia. Michael tried, with his wife, to register multiple times on Sunday, October 16 and Monday, October 17 using the online system, but kept getting a "file not found" message. He was unable to register to vote.

17. Defendant VIRGINIA DEPARTMENT OF ELECTIONS is the state agency headed by the Commissioner of Elections. Under Virginia's Administrative Code, the Department of Elections ("Department") is "authorized to establish and maintain a statewide automated voter registration system to include procedures for ascertaining current addresses of registrants… [and] to provide electronic application for voter registration and absentee ballots." 1 VAC Agcy. 20, 1 20, Agcy. Sum.

18.     Defendant EDGARDO CORTÉS is sued in his official capacity as the Commissioner of the Virginia Department of Elections.  As Commissioner, Defendant Cortés "employ[s] the personnel required to carry out the duties imposed by the State Board of Elections."  VA CODE ANN. §§ 24.2-102.

19.     VIRGINIA STATE BOARD OF ELECTIONS, through the Department of Elections, is tasked with "supervis[ing] and coordinat[ing] the work of the county and city electoral boards and of the registrars to obtain uniformity in their practices and proceedings and legality and purity in all elections."  VA CODE ANN. §§ 24.2-103.  The Board is further tasked with "mak[ing] rules and regulations and issu[ing] instructions and provid[ing] information consistent with the election laws to the electoral boards and registrars to promote the proper administration of election laws."  § 24.2-103.  Under Virginia's Administrative Code, the Board is further "authorized to prescribe standard forms for voter registration and elections, and to supervise, coordinate, and adopt regulations governing the work of local electoral boards, registrars, and officers of election."  1 VAC Agcy. 20, 1 20, Agcy. Sum.

20.     Defendant JAMES B. ALCORN is sued in his official capacity as Chairman of the State Board of Elections.  As Chairman of the Board of Elections, Defendant Alcorn's responsibilities include supervising county and city electoral boards and registrars in their election practices thereby "obtaining uniformity in [election] practices and proceedings and legality and purity in all elections."

21.     Defendant CLARA BELLE WHEELER is sued in her official capacity as Vice Chair of the Board.  As Vice Chair of the Board of Elections, Defendant Wheeler's responsibilities include supervising county and city electoral boards and registrars in their

election practices thereby "obtaining uniformity in [election] practices and proceedings and legality and purity in all elections."

22. Defendant SINGLETON V. MCALLISTER is sued in her official capacity as Secretary of the Board. As Secretary of the Board of Elections, Defendant McAllister's responsibilities include supervising county and city electoral boards and registrars in their election practices thereby "obtaining uniformity in [election] practices and proceedings and legality and purity in all elections."

## STATEMENT OF FACTS AND LAW

23. Virginia state law requires that, in order to register, a person be 18 years of age on or before the day of the election or qualified pursuant and a resident of the Commonwealth and of the precinct in which he or she offers to vote. VA CODE ANN. §§ 24.2-101, 400.

24. The voter registration deadline in Virginia was Monday, October 17. VA CODE ANN. § 24.2-416.

25. Virginia residents are barred from voting a ballot that will be counted if they do not meet the registration deadline because, unlike a number of other states, Virginia does not permit eligible citizens to register during the absentee voting period or on Election Day.

26. A significant number of Virginia residents registered or attempted to register to vote in the days leading up to the registration deadline. Plaintiff NVMEF has sent volunteers and staff out every day in the past few weeks to conduct voter registration drives, using both the online website tool and paper forms. NVMEF volunteers and staff collected more than 5,700 voter registration forms in the last week of voter registration.

27. Although Virginia has an online voter registration tool, many Virginia residents experienced problems when using this website, either due to significant delays in website responsiveness from October 15-17, 2016, or complete website failure resulting in a "file not found" error message. Upon information and belief, Virginia residents first started receiving the "file not found" message in the afternoon of October 17, 2016. These technological failures prevented individuals from looking up their voter registration status, printing voter registration forms, and registering to vote online.

28. Sometime on the afternoon of October 17, 2016, the Department of Elections took down the registration tool to create more bandwidth for the online registration site. However, during and following this time, voters continued to receive the "file not found" error.

29. Based on information and belief, the error message continued to appear in response to attempts to use Virginia's website into the morning hours of October 18, 2016.

30. The voter registration website tool is no longer available to register for the November 2016 election. Instead, visitors to the Department of Elections' voter registration site see a message stating that the voter registration deadline has passed.

31. Upon information and belief, problems with the website prevented hundreds of Virginia residents from successfully completing online voter registration applications. Graham Moomaw, *System crashes on final day of Virginia voter registration prompt civil rights group to call for extension*, RICHMOND TIMES DISPATCH, Oct. 18, 2016, *available at* www.richmond.com/news/virginia/article_7b15ab30-e35a-5722-86e1-849f5cd76f33.html.

32. NVMEF and partner organizations received notice from concerned voters having trouble using the online voter registration tool starting over the weekend of October 16. As the

number of visitors to the site increased in the final days of voter registration, problems with the site became more and more common, culminating in the site crashing completely on October 17, during the final hours of voter registration.

33. Defendants were aware that the number of visitors to the site was increasing in the final days of the voter registration period, as Defendants brought an additional server online six days before the deadline to deal with increased volume. The tool continued to malfunction. Marissa Parra, *Virginia Voter Registration Website Crashes Due to Record Volume*, WSET ABC 13, Oct. 17, 2016, http://wset.com/news/local/virginias-online-voter-registration-website-crashes-due-to. Spikes in voter registration applicants during the final days of a registration cycle are common, especially in years with a presidential election.

34. Defendants were aware that the website was not functioning in the hours leading up to the deadline. For example, the Defendant Department of Elections released a statement on October 17 that said, in part, "the Department of Elections online voter registration system is experiencing an unprecedented activity level that has caused it to slow down and sometimes be completely unresponsive." Amir Vera, *"Unprecedented activity" slows Virginia's online voter registration*, The Virginian-Pilot, Oct. 18, 2016, http://pilotonline.com/news/local/unprecedented-activity-slows-virginia-s-online-voter-registration/article_7d8812c9-ae8c-5a8a-a6bc-c49f2a0f5733.html. For all practical purposes, voter registration opportunities were unavailable to many residents of Virginia for much of the day and evening on October 17, 2016, the final day of voter registration.

35. Over 26,000 formerly incarcerated individuals had their right to vote restored by the Governor since October 1, 2016. These individuals had only about two weeks to receive

notice by U.S. postal service that their rights had been restored, and register to vote. Letters notifying an individual that his or her rights have been restored are sent via U.S. postal service.

36. Upon information and belief, many formerly incarcerated individuals who had only recently had their rights restored relied on the online voter registration website to register.

37. Because 46% of formerly incarcerated individuals in Virginia are African American, even though African Americans make up only 20 percent of Virginia's total population, the failure of the Virginia website to allow for registration had a disproportionate effect on minority residents who had only just received notification that their rights had been restored.

38. The Lawyers' Committee for Civil Rights Under Law sent a letter to Defendant Cortés, copying Defendants Alcorn, Wheeler and McAllister on Tuesday, October 18, 2016. Exhibit A, Letter from Kristen Clarke to Defendants. The letter noted the website's failures and asked that the State Board of Elections and the Department of Elections announce an extension to the voter registration deadline by 5 p.m. on October 18, 2016.

39. As of the time of the filing of this Complaint, Defendants have failed and/or refused to extend the voter registration deadline. At 4:16 pm on October 18, Defendant Cortés responded to the Lawyers' Committee letter and advised that Defendants would not voluntarily extend the voter registration deadline. Exhibit B, Letter from Edgardo Cortés to Kristen Clarke. Defendant Cortés acknowledged the "technical problems experienced by [Virginia's] online voter registration portal on October 16 and 17," noting that the system "was unable to handle the overwhelming demand from voters." He further acknowledged the "unprecedented activity levels" on the portal in the days before the registration deadline, and the "frustration experienced

by voters" attempting to register through the broken online portal. Defendant Cortés nevertheless stated that Defendants would not extend the registration deadline because "[t]here is no statutory provision in the Code of Virginia that allows for extending the voter registration deadline."

40. Defendants' failure to extend the voter registration deadline will disenfranchise a significant number of eligible prospective voters because anyone who were unable to register by yesterday's deadline cannot vote in the November 2016 election.

## COUNT ONE:
## VIOLATION OF 42 U.S.C. § 1983 THE FIRST AND FOURTEENTH AMENDMENTS

41. Plaintiffs repeat and re-allege each and every allegation contained in Paragraphs 1 to 40 above, as if fully set forth herein.

42. 42 U.S.C. §1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

43. Defendants' actions described herein were taken under color of the laws of the Commonwealth of Virginia.

44. The First and Fourteenth Amendments of the United States Constitution protect the right to vote as a fundamental right. The First Amendment's guarantees of freedom of

speech and association protect the right to vote and to participate in the political process. The right to vote is a fundamental constitutional right also protected by both the due process and equal protection clauses of the Fourteenth Amendment. *See*, *e.g.*, *Bush v. Gore*, 531 U.S. 98, 104-05 (2000); *Harper v. Va. State Bd. of Elections*, 383 U.S. 663, 670 (1966) (Virginia's poll tax violates the Equal Protection Clause); *Anderson v. Celebrezze*, 460 U.S. 780, 786-87 (1983) (the right to vote is incorporated into the Due Process Clause).

45. The refusal to extend the voter registration deadline in Virginia imposes a severe burden on the fundamental right to vote by depriving citizens of that right altogether.

46. The decision not to extend the deadline is not narrowly drawn to advance any state interest sufficiently compelling to justify the imposition of such severe burdens.

47. The State has no justification for the burden imposed by its decision not to extend the deadline making it necessary to burden Plaintiffs' rights.

48. The burdens imposed on Defendants by their refusal to extend the voter registration deadline are not severe. Defendants' failure to take action under these circumstances cannot pass muster even under rational basis review.

49. Defendants' refusal to extend the voter registration deadline additionally violates the Equal Protection Clause because it irrationally and arbitrarily discriminates between Virginians based on the date within the lawful registration period on which they attempted to register to vote.

50. Defendants' refusal to extend the voter registration violates the Due Process Clause because it is fundamentally unfair to announce that prospective Virginia voters could

register to vote online through October 17, and then deny those same prospective Virginia voters the ability to register to vote online through October 17.

51. Plaintiffs therefore seek a declaratory judgment that, by refusing to extend the voter registration deadline in Virginia, Defendants, acting under color of state law, are depriving Plaintiffs of the rights, privileges, and immunities secured to them by the First and Fourteenth Amendments to the United States Constitution and protected under 42 U.S.C. § 1983.

52. Further, Plaintiffs are without an adequate remedy at law. Unless the Court orders Defendants to extend the voter registration deadline in Virginia, Plaintiffs will continue to suffer the immediate and irreparable harm described herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the Court:

1. Enter judgment in favor of Plaintiffs and against Defendants on the claims for relief as alleged in this Complaint;

2. Enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that the refusal to extend the voter registration deadline violates the fundamental right to vote, equal protection, and due process under the First and Fourteenth Amendments.

3. Grant Plaintiffs preliminary or permanent injunctive relief by ordering that Defendants:

    (a) discontinue enforcement of the current voter registration deadline for Virginia; and,

    (b) reopen and extend the registration deadline in Virginia by at least 72 hours, plus any additional time that has lapsed since 11:59 p.m. on October 17 and

   the date on which any additional hours for registration are announced. Given that that the website was malfunctioning for at least two days, reopening and extending the registration deadline by three full days will both allow the State to get the word out about an extension and compensate for the time during which the system was down.

4. Take all reasonable steps to provide adequate notice to the public of the extension of time in which to register, including, without limitation, through press release to the media, and on Defendants' websites;

5. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to statute; and

6. Grant Plaintiffs such other and further relief as may be just and equitable.


Dated: October 18, 2016              Respectfully submitted,

                                     /s/ Michael E. Kientzle
                                     Michael E. Kientzle (VSB # 85487)
                                     David P. Gersch (*pro hac vice – to be filed*)
                                     John A. Freedman (*pro hac vice – to be filed*)
                                     R. Stanton Jones  (*pro hac vice – to be filed*)
                                     Elisabeth S. Theodore  (*pro hac vice – to be filed*)
                                     ARNOLD & PORTER LLP
                                     601 Massachusetts Avenue, N.W.
                                     Washington, DC  20001
                                     Telephone:    (202) 942-5000
                                     Facsimile:    (202) 942-5999
                                     Michael.kientzle@aporter.com

                                     Ezra D. Rosenberg (*pro hac vice – to be filed*)
                                     Arusha Gordon (*pro hac vice – to be filed*)
                                     Lawyers' Committee for Civil Rights Under Law
                                     1401 New York Avenue NW, Suite 400
                                     Washington, D.C. 20005
                                     Telephone:    (202) 662-8600
                                     Facsimile:    (202) 783-0857

                                  erosenberg@lawyerscommittee.org
                                  agordon@lawyerscommittee.org

*Counsel for Plaintiffs*